IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PORFIRIO PEREZ, JR., ID # 1187654,     ) | |
|     Petitioner,                                              ) | |
| vs.                                                                  ) | No. 3:04-CV-2130-G (BH) |
|                                                ) | ECF |
| NATHANIEL QUARTERMAN,[1] Director,     ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal                        ) | |
| Justice, Correctional Institutions Division,   ) | |
|     Respondent.                                         ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his Johnson County conviction in Cause No. F36307 for driving while intoxicated (DWI). Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

In December 2002, the State indicted petitioner for driving while intoxicated. S.H. Tr.[2] at 9. The indictment included enhancement paragraphs alleging that petitioner had been convicted

---

[1] On June 1, 2006, Nathaniel Quarterman became the Director of the Texas Department of Criminal Justice - Correctional Institutions Division. The Court thus substitutes him for Douglas Dretke. *See* Fed. R. Civ. P. 25(d)(1).

[2] "S.H. Tr." denotes the state habeas records attached to *Ex parte Perez*, No. 59,638-01, slip op. (Tex. Crim. App. Aug. 25, 2004).

of two DWI offenses (Cause Nos. 90-CCR-6765-A and 93-CR-184-C). *Id.* The indictment also included a felony enhancement paragraph alleging a prior felony DWI conviction in Cause No. 92-CR-1192-C. *Id.*

On August 11, 2003, petitioner pled guilty to the charged offense and true to the first two enhancement paragraphs in exchange for a six-year sentence of imprisonment. *Id.* at 6, 15. Based upon that plea, the trial court found him guilty, found the enhancement paragraphs true, and sentenced petitioner to six years imprisonment. *Id.* at 6.

Petitioner did not appeal his conviction. (Pet. Writ of Habeas Corpus (Pet.) at 3.) In June 2004, petitioner filed a state application for writ of habeas corpus. S.H. Tr. at 18. On August 25, 2004, the Texas Court of Criminal Appeals denied the application without written order on findings of trial court without a hearing. *See Ex parte Perez*, No. 59,638-01, slip op. at 1 (Tex. Crim. App. Aug. 25, 2004).

On October 1, 2004, this Court received the instant petition for writ of habeas corpus. (Pet. at 1.) Respondent filed an answer on February 18, 2005. (*See* Answer at 1.)

**C. Substantive Issues**

In four grounds for relief, petitioner argues that his three prior convictions (Cause Nos. 90-CCR-6765, 92-CR-1192-C, and 93-CR-184-C) cannot be used to enhance his sentence because (1) one or more of them occurred more than ten years prior to the instant DWI offense and (2) the State previously used them for purposes of enhancement in April and August 2003. (Pet. at 7-8.)

**D. Exhaustion**

Respondent concedes that petitioner has exhausted his state remedies for the claims raised in the instant petition. (*See* Answer at 3.)

2

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). The denial of petitioner's state application for writ of habeas corpus constitutes an adjudication on the merits such that the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply to the claims raised therein and reiterated in the instant federal action.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to

that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

With these AEDPA standards in mind, the Court proceeds to address petitioner's claims.

### III. ENHANCEMENT PARAGRAPHS

Petitioner claims that the three prior convictions set forth in his indictment may not be used to enhance his sentence because (1) one or more of them occurred more than ten years prior to the

instant DWI offense and (2) the State previously used them for purposes of enhancement in April and August 2003. (Pet. at 7-8.) Such claims may be reasonably construed in two ways – (A) the indictment is jurisdictionally defective by relying on such convictions and (B) the trial court erred in enhancing petitioner's sentence based upon such convictions.[3]

**A.  Defective Indictment**

"The sufficiency of a state indictment is not a matter for federal habeas corpus review unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Alexander v. McCotter*, 775 F.2d 595, 598 (1985). Federal courts, nevertheless, will not consider claims that a state indictment is insufficient to confer jurisdiction upon the trial court when the issue "was squarely presented to the highest court of the state" and it can reasonably be inferred that that court passed on the merits of the sufficiency issue. *Id.* at 598-99. In a habeas proceeding, this Court does not sit in review of a state court's interpretation of its own law. *Creel v. Johnson*, 162 F.3d 385, 395 (5th Cir. 1998); *Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995).

Petitioner raised his current claims in his state writ. *See* S.H. Tr. at 24-25. The Texas Court of Criminal Appeals denied that writ. *See Ex parte Perez*, No. 59,638-01, slip op. at 1 (Tex. Crim. App. Aug. 25, 2004). Thus, the court implicitly found the indictment sufficient, and this Court will not review that implicit finding. *See Alexander*, 775 F.2d 598-99. To the extent petitioner challenges the validity of his indictment, his claims entitle him to no habeas relief.

---

[3]  Respondent also considers the claims as potentially challenging the legal sufficiency of the evidence to support petitioner's conviction. (*See* Answer at 9-10.) Because petitioner's claims clearly challenge the enhancement of his sentence rather than the validity of his conviction, the Court does not construe petitioner's claims as asserting a challenge to the sufficiency of the evidence. Nevertheless, were the Court to consider such sufficiency challenge, it would find the challenge waived by petitioner's voluntary plea of guilty. Petitioner does not challenge the voluntariness of his guilty plea.

B. <u>Trial Court Error</u>

Petitioner's claims also suggest that the trial court erred in enhancing petitioner's sentence. To the extent petitioner's claims are construed in that manner, they fail because petitioner pled true to the two convictions that the trial court used to enhance his sentence. Petitioner has not challenged the voluntariness of such plea. By pleading true, a defendant concedes that he in fact has a prior conviction that can be used to enhance his sentence on the current conviction. *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988). He also waives any complaints about the validity of the prior conviction. *Id.*; *Johnson v. Puckett*, 930 F.2d 445, 449-50 (5th Cir. 1991); *Zales v. Henderson*, 433 F.2d 20, 24 (5th Cir. 1970). In the absence of error by the trial court, any claims of trial court error encompassed within petitioner's federal habeas claims necessarily fail.

## IV.  EVIDENTIARY HEARING

Upon review of the pleadings filed herein and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**SIGNED this 30th day of June, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE